UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA WILKERSON,

        Plaintiff,

v.

        Civil Case No. 15-11667
        Honorable Linda V. Parker

JP MORGAN CHASE BANK NATIONAL
ASSOCIATION and MAWAD S. KHALIL,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

    Plaintiff, through counsel, initiated this action against Defendants JP Morgan Chase Bank, N.A. ("Chase") and Mawad S. Khalil ("Khalil") in state court to redress alleged improprieties in the foreclosure of her home.  Chase timely removed the action to this Court on May 8, 2015, on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  This Court dismissed Khalil as a party to the action on October 19, 2015, as a result of Plaintiff's failure to prosecute her case against him.  (ECF No. 9.)  Presently before the Court is Chase's motion to dismiss Plaintiff's Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 15, 2015.  (ECF No. 6.)  Plaintiff has failed to respond to the motion.  On August 25, 2015, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Chase's motion pursuant to Eastern

District of Michigan Local Rule 7.1(e).  (ECF No. 8.)  For the reasons that follow, the Court grants Chase's motion and dismisses the action with prejudice.

I.      **Governing Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows the Court to assess whether the plaintiff's complaint states a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  As the Supreme Court of the United States has articulated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007).  This facial plausibility standard requires the plaintiff to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of the plaintiff's claims.  *Twombly*, 550 U.S. at 557.  Although a complaint need not contain "detailed" factual allegations, the "factual allegations must be enough to raise a right to relief above the speculative level."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).

While courts are required to accept the factual allegations in a complaint as true, *Twombly*, 550 U.S. at 556, the presumption of truth does not apply to any legal conclusions asserted by the plaintiff.  *Iqbal*, 556 U.S. at 678.  Therefore, to

survive a motion to dismiss, a plaintiff's pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In addition to evaluating the sufficiency of the factual allegations in the complaint itself, courts may consider any exhibits attached to the complaint, matters of public record, and exhibits attached to the defendant's Rule 12(b)(6) motion, provided that the latter are referred to in the complaint and are central to the claims therein. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

## II.     Factual and Procedural Background

On May 16, 2007, Plaintiff accepted a $49,000.00 loan from Chase Bank USA, N.A. ("lender"), and, in exchange, executed a promissory note secured by a mortgage on real property commonly known as 8778 Bessemore Street, Detroit, Michigan (hereinafter, the "Property"). (Compl. ¶¶ 9, 10, Ex. 2; Def.'s Mot. Ex. A.)  The mortgage was recorded with the Wayne County Register of Deeds on December 7, 2007.  (Compl., Ex. 2.)

The Lender assigned the mortgage to Chase on June 23, 2012.  (Compl., Ex. 3.)  The assignment was recorded with the Wayne County Register of Deeds on July 16, 2012.  (*Id.*)

Plaintiff subsequently defaulted on her loan obligations. She alleges that she began the process of attempting to modify her loan some time prior to June 1, 2014. (Compl. ¶ 15.) According to Plaintiff, although she cooperated with Chase and provided Chase with all documents and/or information requested of her, Chase consistently stated that it had not received all of the information and/or documents requested and needed. (*Id.* ¶¶ 16-18.)

On or about June 30, 2014, Chase initiated foreclosure by advertisement proceedings with respect to the Property. (*Id.* ¶ 20.) On July 31, 2014, the Property was sold at a Sheriff's Sale to Chase. (*Id.* ¶ 24, Ex. 5.) The Sheriff's Deed was recorded in the Wayne County Register of Deeds on August 13, 2014. (*Id.*, Ex. 5.) Chase then transferred the Property to Fannie Mae (a/k/a Federal National Mortgage Association) via a Quit Claim Deed which was recorded in the Wayne County Register of Deeds on October 17, 2014. (*Id.* ¶ 28, Ex. 6.) Fannie Mae then transferred its interest in the Property to Khalil by way of a Quit Claim Deed which was recorded in the Wayne County Register of Deeds on January 7, 2015. (*Id.* ¶ 29, Ex. 7.)

Plaintiff had until January 31, 2015 to redeem the Property. (Compl., Ex. 5.) The statutory redemption period expired on that date with Plaintiff failing to redeem.

4

On February 3, 2015, Plaintiff filed her Complaint in state court. Plaintiff's Complaint contains three counts: (I) wrongful foreclosure, (II) breach of contract, and (III) fraudulent misrepresentation. As indicated, Chase removed Plaintiff's Complaint to federal court on May 8, 2015. The parties thereafter stipulated to an extension of time for Chase to respond to Plaintiff's Complaint. (ECF Nos. 3, 5.) Chase responded to the Complaint on July 15, 2015 by filing the pending motion to dismiss.

### III. Applicable Law and Analysis

Foreclosures by advertisement, such as the foreclosure at issue in this case, as well as the rights of both the mortgagor and mortgagee after a foreclosure sale has occurred, are governed by Michigan statutory law. *See, e.g., Senters v. Ottawa Sav. Bank, F.S.B.*, 503 N.W.2d 639, 641 (Mich. 1993); *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (applying Michigan law) (citation omitted).

Pursuant to Michigan law, a mortgagor has six months from the date of the sheriff's sale to redeem foreclosed property. Mich. Comp. Laws § 600.3240(8). Significant consequences flow from a mortgagor's failure to redeem prior to the expiration of the statutory redemption period: the mortgagor's "right, title, and interest in and to the property" are extinguished, *Piotrowski v. State Land Office Board*, 4 N.W.2d 514, 517 (Mich. 1942), and the deed issued at the sheriff's sale

"become[s] operative, and [ ] vest[s] in the grantee named therein . . . all the right, title, and interest [ ] the mortgagor had." Michigan Compiled Laws § 600.3236. This rule of law– holding that absolute title vests in the purchaser at the foreclosure sale upon expiration of the redemption period– has been applied consistently by state and federal courts alike to bar former owners from making any claims with respect to a foreclosed property after the statutory redemption period has lapsed.

There is one caveat to the general rule described above: after the redemption period has run, a court may allow "an equitable extension of the period to redeem" if a plaintiff-mortgagor makes "a clear showing of fraud, or irregularity[.]" *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969); *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 503 N.W.2d at 643). In order to satisfy this standard, a plaintiff-mortgagor's pleading must allege misconduct related to the foreclosure procedure itself. *Conlin*, 714 F.3d at 360; *Reid v. Rylander*, 258 N.W. 630, 631 (Mich. 1935) (holding that only the foreclosure procedure may be challenged after a sale); *Freeman*, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in foreclosure procedure).

If fraud or irregularity is shown in connection to the foreclosure procedure, the result is "a foreclosure that is voidable, not void ab initio." *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). In order "to set aside the foreclosure sale, [the] plaintiffs must show that they were prejudiced by [the] defendant's failure to comply" with Michigan's foreclosure by advertisement statute. *Id.*; *Conlin*, 714 F.3d at 361. "To demonstrate such prejudice, [the plaintiffs] must show that they would have been in a better position to preserve their interest in the property absent [the] defendant's noncompliance with the statute." *Kim*, 825 N.W.2d at 337 (footnote omitted).

Because the redemption period with respect to the Property at issue in this case has expired, the Court must analyze Plaintiff's claims within the fraud or irregularity framework outlined above. Thus, the Court must decide whether, under Michigan law, the foreclosure sale can be set aside, or is voidable, on the facts alleged. *See Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (observing that the *Erie* doctrine requires federal courts hearing state law claims to apply the decisions of the state's highest court).

In her Complaint, Plaintiff alleges that Chase "failed to properly notify [her] of the foreclosure" and engaged in wrongdoing in connection with her loss mitigation options. (*See* Compl. ¶¶ 36-41.) Any alleged fraud or irregularity with respect to the loan modification process, however, does not constitute a showing of

fraud or irregularity in the foreclosure procedure. *See, e.g., Williams v. Pledged Property II, L.L.C.*, 508 F. App'x 465, 468 (6th Cir. 2012) ("Despite the fact that [loan] negotiations may have taken place during the foreclosure process, these negotiations remained separate from the foreclosure process itself."). With respect to Chase's alleged failure to provide notice of the foreclosure to Plaintiff, this allegation is belied by the publicly filed records reflecting that notice was posted as required by law. (Compl., Ex. 5 at Pg ID 51.) In any event, to set aside the foreclosure sale, Plaintiff must show that she was prejudiced by Chase's alleged failure to provide notice of the foreclosure. *Kim*, 825 N.W.2d at 115. To make this showing, Plaintiff "must show that [she] would have been in a better position to preserve [her] interest in the property absent [Chase's] noncompliance with the [foreclosure by advertisement statute]." *Id*. at 116.

In her Complaint, Plaintiff does not allege prejudice as a result of Chase's alleged violation. There is no suggestion that she would have been in a better position to preserve her interest in the Property had she received the notice she claims was not provided. Notably, Chase demonstrates that Plaintiff in fact was approved for a trial loan modification, but was subsequently denied a permanent modification because she failed to make the trial period loan payments.[1] (Def.'s

---

[1] The Court may consider the correspondence Chase sent Plaintiff with respect to the loan modification as it is central to the claims in Plaintiff's Complaint,

Mot. at Pg ID 104 n.2, citing Ex. C.) As such, the Court cannot find that Plaintiff would have been able to redeem the Property or pay off the debt had she received notice of the foreclosure proceedings.

For these reasons, Plaintiff is not entitled to the relief she seeks with respect to rescinding the foreclosure sale or subsequent transfers of the Property and her wrongful foreclosure claim fails to state a claim upon which relief may be granted. Plaintiff's breach of contract and fraudulent misrepresentation claims fail for the following reasons.

To establish a breach of contract in Michigan, Plaintiff must allege: (1) the existence of a valid contract, (2) establish the contract's terms, (3) present evidence of a breach of those terms, and (4) show an injury causally related to that breach. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999). Plaintiff alleges in her Complaint that Chase breached the terms of the mortgage, specifically paragraph 22 requiring Chase to provide notice to Plaintiff prior to acceleration.[2] (Compl. ¶¶ 47-49.) Plaintiff fails to allege an injury resulting from

---

specifically her claim that she was denied loss mitigation and was able to afford a reasonable payment had the loan been modified.

[2] In Count II, Plaintiff also asserts that Chase breached the implied covenant of good faith and fair dealing. (Compl. ¶¶ 50-51.) Michigan does not recognize such a claim under the circumstances of this case, however. *See Jawad v. Hudson City Sav. Bank, FSB*, No. 2014 WL 7272342, at *5 (E.D. Mich. Dec. 18, 2014) (citing *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 279-80 (Mich. Ct. App. 2003)); *Jarbo v. BAC Home Loan Servicing*, No. 10-12632, 2010 WL 5173825, at

the alleged breach.  Moreover, Michigan law precludes Plaintiff from maintaining a claim for breach of contract claim because, by her default, Plaintiff committed the first substantial breach of the parties' contract.  As the Sixth Circuit has stated with regard to Michigan law: "He who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for failure to perform."  *Chrysler Int'l Corp. v. Cherokee Export Co.*, 134 F.3d 738, 742 (6th Cir. 1998) (quoting *Ehlinger v. Bodi Lake Lumber Co.*, 36 N.W.2d 311, 316 (Mich. 1949)); *see also Goodman v. CitiMortgage, Inc.*, No. 15-12456, 2015 WL 6387451, at *4 (E.D. Mich. Oct. 22, 2015) (no question that plaintiffs breached the mortgage by failing to make the required loan payments).

Lastly, in Count III of her Complaint, Plaintiff asserts fraudulent misrepresentation based on allegations that Chase told her that "it would not begin foreclosure proceedings while the parties were actively pursuing loan modification or other financial assistance options."  (Compl. ¶ 53.)  Plaintiff alleges that Chase's representations induced her "to refrain from defending the foreclosure of her home . . .."  (*Id.* ¶ 57.)

Under the Federal Rules of Civil Procedure, the circumstances of a fraudulent misrepresentation must be pled with particularity.  Fed. R. Civ. P. 9(b).  In order to satisfy the particularity requirement, a plaintiff must: (1) specify the

---

*14-15 (E.D. Mich. 2010) (citing *Ulrich v. Fed. Land Bank of St. Paul*, 480 N.W.2d 910, 912 (Mich. Ct. App. 1991)).

alleged fraudulent statements; (2) identify the speaker; (3) state when and where the statements were made; and (4) explain why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). Here, Plaintiff fails to particularly identify the specific fraudulent statements, who made the statements, and when and where the statements were made. Therefore, Plaintiff fails to plead fraudulent misrepresentation with the level of particularity required by Rule 9(b).

      Furthermore, promises from a financial institution regarding loan modifications must be in writing to be enforceable under the statute of frauds. Michigan Compiled Laws Section 566.132(2)(b) provides that no cause of action can be brought against a financial institution for a promise of financial accommodation unless the promise is in writing and signed by an authorized signature. Here, there is no reference to a written instrument pertaining to a stay of the foreclosure proceedings during the loan modification process, therefore Plaintiff's claim should be dismissed due to non-compliance with the statute of frauds.

      For the reasons stated above, the Court holds that Plaintiff's wrongful foreclosure, breach of contract, and fraudulent misrepresentation claims are subject to dismissal.

      Accordingly,

**IT IS ORDERED**, that Defendant JP Morgan Chase Bank, N.A.'s motion to dismiss Plaintiff's Complaint is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 6, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 6, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
